UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW'S FLORIST ON 4TH STREET, INC.,

      Plaintiff,

vs.                                    Case No. 8:12-cv-229-JDW-AEP

DALE PARKER, et al.,

      Defendants.

_____/

## ORDER

BEFORE THE COURT is Plaintiff's motion to remand (Dkt. 5). Allstate Insurance Company removed this legal malpractice and bad faith action based on the parties' diversity of citizenship. Although Plaintiff and Defendants Dale Parker and Fowler White Boggs, P.A. share the same citizenship, removal was nonetheless proper if these defendants were fraudulently joined. Allstate, however, has not satisfied its heavy burden of proving fraudulent joinder. Because federal subject matter jurisdiction is lacking, the motion to remand is granted.

### Background

In 2004, Robert and Dolores Levesque sued Andrew's Florist to recover damages that Mr. Levesque sustained in a motorcycle accident with an Andrew's Florist deliveryman. Allstate agreed to provide a defense under a reservation of rights and retained Parker and his law firm, Fowler White, to represent Andrew's Florist. Andrew's Florist contends that Parker did not adequately defend its interests, citing several alleged deficiencies in his representation. Andrew's Florist and its owners, Andrew and Blanca Michaels, became concerned with their potential exposure to a verdict in excess of the $200,000 policy limit and retained James Beach as their "personal" counsel.

On August 7, 2008, the Levesques' counsel submitted an offer to settle the action by way of

a consent judgment that would only be collectible against Allstate, as long as Andrew's Florist complied with certain conditions. Andrew's Florist alleges that Parker failed to discuss the settlement demand, even though the offer would provide Andrew's Florist with complete protection. Beach requested that Parker provide specific information to enable him to evaluate the offer for his clients. Parker did not respond.

Beach then rejected Allstate's defense of Andrew's Florist and negotiated a *Coblentz* agreement[1] with the Levesques' counsel. In accordance with the agreement, Andrew's Florist consented to a $16.5 million judgment, which was entered by the state court on September 19, 2008. Unbeknownst to Andrew's Florist and the Michaels, Mr. Levesque died earlier that day from a form of cancer that, months earlier, he had elected not to treat. The consent judgment had been premised on Mr. Levesque's future medical expenses and his loss of earnings for a period of 22.3 years.

Allstate commenced a declaratory judgment action to determine its liability for the consent judgment. *See Allstate Ins. Co. v. Levesque, et al.*, No. 8:08-cv-2253-EAJ. After the court determined that the Allstate policy provided coverage, the jury found that (1) Allstate did not provide an adequate defense to Andrew's Florist, (2) the $16.5 million settlement was reasonable, (3) Andrew's Florist did not enter into the settlement in bad faith, and (4) Mrs. Levesque did enter into the settlement in bad faith. (No. 8:08-cv-2253, Dkt. 287). Based on the verdict, an amended judgment was entered which declared that the settlement agreement is "unenforceable as to Allstate and that Allstate has no duty to indemnify Andrews Florist for the consent judgment." (*Id.*, Dkt. 333). The judgment is presently on appeal.

---

[1] *Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969). In a *Coblentz* agreement, the tort plaintiff releases the insured from liability in exchange for the insured's right to indemnity from the insurer. A *Coblentz* agreement will be upheld where there is coverage, the insurer wrongfully refused to defend the underlying suit, and the agreement is reasonable and entered in good faith. *Chomat v. N. Ins. Co. of N.Y.*, 919 So. 2d 535, 537 (Fla. 3d DCA 2006).

Andrew's Florist then filed this action in state court against Parker, Fowler White, and Allstate. In its complaint, Andrew's Florist alleges that Parker is liable for professional negligence, that Fowler White is liable for professional negligence and negligent supervision, and that Allstate is liable for breach of fiduciary duty.[2] Allstate removed the action, asserting that Parker and Fowler White were fraudulently joined. Andrew's Florist has moved to remand.

## Discussion

To establish fraudulent joinder, the removing party has the "heavy" burden of "proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quotation and alterations omitted). Fraudulent joinder has also been found in a third situation, where a plaintiff's misjoinder of claims is "so egregious as to constitute fraudulent joinder." *Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). Allstate relies on the first and third grounds for fraudulent joinder. Its arguments will be addressed in reverse order.

With respect to the third ground, or 'fraudulent misjoinder,' Allstate devotes considerable effort to arguing that the claims were misjoined because the complaint does not assert a right to relief against each of the defendants "jointly, severally, or in the alternative," and there are not "question[s] of law or fact common to all defendants." Fed. R. Civ. P. 20. But that is simply the Rule 20 test for misjoinder. As the Eleventh Circuit has made clear, "mere misjoinder" does not rise to the level of fraudulent joinder. *Tapscott*, 77 F.3d at 1360. It is only where a resident defendant has "no real

---

[2] The existence of federal jurisdiction must be "based on the plaintiff's pleadings at the time of removal." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Therefore, the amended complaint, which was filed after removal, has no bearing on the determination of fraudulent joinder.

connection with the controversy" that fraudulent joinder will be found. *Id.* (quotation omitted).

Allstate readily admits that "the claims against Mr. Parker and Fowler, White and Allstate may be said to arise out of the same transaction or occurrence – the defense of Andrew's Florist against the Levesques' claims and subsequent entry of a consent judgment against Andrew's Florist." (Dkt. 1 ¶ 53; *see* Dkt. 13 ¶ 13). And there are at least some common questions of fact regarding the circumstances surrounding the settlement and consent judgment. Therefore, Allstate has not shown that the claims against Parker and Fowler White have "no real connection with the controversy" between it and Andrew's Florist. *Tapscott*, 77 F.3d at 1360. Regardless of whether Rule 20 is satisfied, the joinder of these claims was not "so egregious as to constitute fraudulent joinder." *Id.*

Turning to the first ground of fraudulent joinder, Allstate has the burden of showing that there is no possibility that Andrew's Florist can establish a cause of action against Parker or Fowler White. Because federal jurisdiction is determined "based on the plaintiff's pleadings at the time of removal," this inquiry must focus on the original complaint, not the amended complaint, which was filed after this action was removed. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The factual allegations must be taken in the light most favorable to the plaintiff, and any uncertainties about state substantive law must be resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333. "[F]ederal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (quotation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quotation omitted).[3]

---

[3] Contrary to Allstate's argument, this standard is considerably different than Rule 12(b)(6). *Stillwell*, 663 F.3d at 1333-34. And while summary judgment evidence will be considered, "the jurisdictional inquiry must not subsume substantive determination" of the merits. *Crowe*, 113 F.3d at 1538 (quotation omitted).

4

In opposing remand, Allstate argues that Andrew's Florist cannot assert a claim for legal malpractice because the jury found that the amount of the consent judgment was reasonable based on the testimony of Andrew's Florist's corporate representative and its expert witness. Therefore, Allstate reasons that the consent judgment cannot constitute damages proximately caused by the conduct of Parker and Fowler White. Andrew's Florist, however, does not appear to argue that the settlement was unreasonable.[4] According to Andrew's Florist's theory, the actions of Parker and Fowler White caused it to lose the opportunity to settle the action for a substantially smaller amount than the consent judgment. Andrew's Florist contends that because a more favorable settlement would have been obtained but for Parker and Fowler White, the "reasonableness" of the ultimate settlement is no bar to the malpractice action. Under this theory, Andrew's Florist has articulated damages proximately caused by Parker and Fowler White, notwithstanding its testimony and the jury's finding that the ultimate settlement was reasonable.

The arguments in Allstate's notice of removal are also unpersuasive. Allstate's contentions that the complaint contains conclusory allegations and that Andrew's Florist failed to plead damages with sufficient specificity invoke Rule 12(b)(6), not the standard for determining fraudulent joinder. And Allstate's statute of limitations argument is disingenuous, as Allstate plainly admits that "[c]ounsel for Mr. Parker and for Fowler, White has advised verbally that those defendants agreed to an extension of the limitation period at some point prior to its expiration." (Dkt. 1 at 19, n. 27).

Allstate also relies on Parker and Fowler White's motion to dismiss (Dkt. 6). The arguments in that motion, however, are based on principles of law that have not been settled by Florida courts. Such arguments cannot support diversity jurisdiction under a fraudulent joinder theory, because federal courts "must resolve any uncertainties about state substantive law in favor of the plaintiff."

---

[4] As Andrew's Florist does not argue that the settlement was unreasonable, judicial estoppel does not apply.

*Stillwell*, 663 F.3d at 1333; *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("[A]ny ambiguity or doubt about the substantive state law favors remand to state court.") (quotation omitted).

For example, Parker and Fowler White argue that a legal malpractice claim cannot survive where the ultimate settlement is found to be reasonable. They have not shown, however, that Florida law precludes recovery where an attorney negligently misses an opportunity to settle an action but subsequently obtains a less favorable, but reasonable, settlement. They rely on distinguishable cases from other jurisdictions, which are unhelpful for purposes of fraudulent joinder. The argument that the *Coblentz* agreement should not be enforced against Parker and Fowler White is unpersuasive for the same reason. Parker and Fowler White expressly concede that "no court has squarely addressed the issue," and the only authority they cite is a single case from Washington state. (Dkt. 6 at 15). Similarly, Parker and Fowler White admit that each of their arguments that Andrew's Florist has not sustained any actual damages depends on "an issue of first impression in Florida: Whether a consent judgment that can never be recorded, executed, or collected on, entered against a shell corporation whose owners have been released from any liability, gives rise to 'redressable harm' sufficient to state a claim for legal malpractice." (Dkt. 6 at 16) (emphasis added). With respect to each of these arguments, the unsettled nature of the substantive state law must be resolved in favor of remand. *See Stillwell*, 663 F.3d at 1333; *Florence*, 484 F.3d at 1299.

Finally, Allstate appears to request that the claims against Parker and Fowler White should be severed under Fed. R. Civ. P. 21. To the extent such a request is made, it is rejected. Allstate did not file a proper motion, as required by Local Rule 3.01. And in any event, the case Allstate relies on, *Anderson v. State Farm Mutual Automobile Insurance Co.*, 4:08-cv-345-RH/WCS, Dkt. 33 (N.D. Fla. Nov. 10, 2008), only granted severance after finding fraudulent joinder. *See also Tapscott*,

6

77 F.3d at 1360. As Allstate has not satisfied its heavy burden of showing fraudulent joinder, federal jurisdiction is lacking, and the claims will not be severed under Rule 21.

<strong>Conclusion</strong>

Accordingly, the motion to remand (Dkt. 5) is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this cause is REMANDED to state court. The Clerk is directed to send a certified copy of this order to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to terminate all pending motions, and to close the file.

**DONE AND ORDERED** this 14th day of May, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

7